UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                          Case No.  8:04-cr-348-T-24 TGW

RONALD TRUCCHIO

_____/

**ORDER**

This cause comes before the Court on Defendant Trucchio's Pretrial Motions (Doc. No. 334), which the Government opposes.  (Doc. No. 358, 375).  Defendant Trucchio has filed a reply brief.  (Doc. No. 380).

The motions at issue are: (1) Defendant Trucchio's Motion to Dismiss the Indictment on Double Jeopardy Grounds (Doc. No. 334-1) and (2) Defendant Trucchio's Motion in Limine to Preclude Evidence Pursuant to the Confrontation Clause (Doc. No. 334-2).  Accordingly, the Court will consider each motion.

**I.  Double Jeopardy**

Defendant Trucchio is charged in the instant case with participating in a RICO conspiracy.  Defendant Trucchio moves to dismiss the indictment pursuant to the Double Jeopardy Clause of the Fifth Amendment.  Specifically, Defendant Trucchio argues that the indictment in the instant case and the indictment in the Southern District of Florida case[1] charging a RICO conspiracy do not charge separate crimes.

"[T]he Double Jeopardy Clause protects a person not only against being twice *convicted* of the same offense, but also against being twice *put to trial* for the same offense."  U.S. v.

---

[1]Case No. 03-60267-cr-MARRA

Ruggiero, 754 F.2d 927, 931 (11th Cir. 1985)(citation omitted).  Therefore, the Court must dismiss this indictment as to Defendant Trucchio if the indictment in the instant case charges Defendant Trucchio with the same offenses for which he was previously prosecuted in the Southern District of Florida.

The Government responds that the instant case charges both a different enterprise and a different pattern of racketeering activity than that charged in the Southern District of Florida indictment.  For the reasons stated below, the Court agrees with the Government and finds that Defendant Trucchio's motion should be denied.

**A.  Enterprise**

The Government argues that the instant case charges a different enterprise than that charged in the Southern District of Florida indictment.  Specifically, the Government argues that the enterprise charged in the Southern District of Florida case was a crew, supervised by Defendant Trucchio and operating under the control of the Gambino crime family, that referred to themselves as the "Liberty Posse" and the "Young Guns."  On the other hand, the enterprise charged in the instant case is a different crew led by Defendant Alite, acting under the authority of Defendant Trucchio, operating under the control of the Gambino crime family.  Of the named conspirators charged in the Southern District case, only Defendant Trucchio is also charged in the instant case.  As a result, it is clear to the Court that the indictments charge different enterprises, as they charge two different crews, comprised of different individuals, although each is headed by Defendant Trucchio and each operates under the control of the Gambino crime family.[2]

_____

[2]     The Court rejects Defendant Trucchio's argument that the enterprise charged in the Southern District case was the Gambino Crime

2

**B.  Pattern of Racketeering Activity**

The Government also argues that the instant case charges a different pattern of

racketeering activity than that charged in the Southern District of Florida indictment.  In

determining whether the indictments charge different patterns of racketeering activity, the Court

considers five factors:

> (1)    whether the activities that allegedly constituted two different RICO
>        "pattern[s]" occurred during the same time periods;
> (2)    whether the activities occurred in the same places;
> (3)    whether the activities involved the same persons;
> (4)    whether the two indictments alleged violations of the same criminal
>        statutes; and
> (5)    whether the overall nature and scope of the activities set out in the two
>        indictments were the same.

Ruggiero, 754 F.2d at 932 (citations omitted).  The fifth factor is the most important factor.  See

id. at 933.  Accordingly, the Court will analyze each factor.

**1.  Time Periods**

There is overlap among the time periods charged in the two indictments.  The indictment

in the instant case charges a pattern of racketeering activity that began in the Fall of 1984 and

continued through the date of the superseding indictment.[3]  The indictment in the Southern

---

Family.  Defendant Trucchio argues that because the court in the
Southern District case refused his request to instruct the jury that the
enterprise was the Young Guns or Liberty Posse, the enterprise must have
been the Gambino Crime Family.  In the Southern District case, the court
simply refused to instruct the jury that the enterprise was anything
other than that alleged in the indictment.  The court's decision to so
instruct the jury does not lead to the conclusion that the enterprise
was the Gambino Crime Family.

[3]The superseding indictment in Case No. 8:04-cr-348-T-24-TGW was
filed on June 29, 2005.

District case charges a pattern of racketeering activity that began in 1986 and continued through the date of the superseding indictment.[4]

### 2.  Place

There is also overlap among the places where the racketeering activity is alleged to have occurred.  The indictment in the instant case charges a pattern of racketeering activity that occurred in New York, New Jersey, the Middle District of Florida, the Southern District of Florida, and elsewhere.  The indictment in the Southern District case charges a pattern of racketeering activity that occurred in New York, the Southern District of Florida, Pennsylvania, and elsewhere.

### 3.  People

There is only a minor overlap among the people involved in the racketeering activities, as Defendant Trucchio is the only person charged in both indictments.  In the instant indictment, the conspirators include Defendant Trucchio, John Alite, Steven Catalano, Michael Malone, Kevin McMahon, Pasquale Andriano, and Terry Scaglione.  In the Southern District case, the conspirators included Defendant Trucchio, Peter Zuccaro, Kevin Antinuche, Gennaro Bruno, Edward Callegari, Robert Bucholz, Darrin Sirrota, Frank Roccaforte, Dave Prevete, and Jamie Carr.

### 4.  Criminal Statutes

There is also some overlap among the criminal statutes allegedly violated.  All of the criminal statutes allegedly violated in the instant case, with the exception of Robbery, Attempted Robbery and Conspiracy to Commit Robbery, in violation of Sections 2C: 15-1, 2C:5-1, and

---

[4]The superseding indictment in Case No. 03-60267-CR-MARRA(S)(S)(S) was filed on July 20, 2004.

2C:5-2 New Jersey Statutes, are alleged to have been violated in the Southern District case.

However, the Southern District case contains allegations of violations of additional criminal

statutes not contained in the instant case, including:

(1)     Arson, Attempted Arson and Conspiracy to Commit Arson, in violation of Sections
        806.01 and 777.04 Florida Statutes;
(2)     Kidnaping, Attempted Kidnaping and Conspiracy to Commit Kidnaping, in violation of
        New York Penal Law Articles 135, 110 and 105;
(3)     Tampering with a Witness, in violation of Title 18, United States Code, Section 1512;
(4)     Retaliating Against a Witness, in violation of Title 18, United States Code, Section 1513;
(5)     Fraud and Related Activity in Connection with Access Devices in violation of Title 18,
        United States Code, Section 1029; and
(6)     Thefts from Interstate Shipments, in violation of Title 18, United States Code, Section
        659.

### 5.  Nature and Scope of Activities

The nature and scope of the racketeering activities is the most important factor to be

considered by the Court in determining whether the indictments charge different patterns of

racketeering activities.  There is no real overlap in the overall nature and scope of the activities

set out in the two indictments, because the two indictments deal with the activities of two

different crews.  As stated above, the indictment in the instant case deals with the activities of

the crew supervised by Defendant Trucchio and led by Defendant Alite.  The indictment in the

Southern District case deals with the activities of the "Young Guns" or "Liberty Posse" crew.

While both crews operated under the Gambino Crime Family, the crews were involved in

different racketeering activities.

The Court rejects Defendant Trucchio's argument that the criminal activities of the crew

alleged in the instant case were charged and tried in the Southern District case.  Defendant

Trucchio bases his argument primarily on the testimony of Michael Ciaccio, a government

witness in the Southern District case who testified about a drug conspiracy that he was involved in with Defendant Trucchio.  Ciaccio's testimony regarding the crew charged in the instant case appears to have been offered in the Southern District case merely as background and to show how Ciaccio obtained information about the "Young Guns"/"Liberty Posse" crew.

### 6.  Conclusion

After considering the factors enumerated above, the Court concludes that the indictments charge different patterns of racketeering activity.  The nature and scope of the racketeering activities are different and the crews who allegedly committed the racketeering activities are different.  Therefore, the Court finds that the indictment in the instant case should not be dismissed pursuant to the Double Jeopardy Clause of the Fifth Amendment.

## II.  Confrontation Clause

Defendant Trucchio also moves to preclude the admission of (1) a co-defendant's plea allocutions and (2) George Gabriel's expert testimony on organized crime.   To the extent that the motion seeks to preclude the admission of a co-defendant's plea allocution, the Government responds that it does not intend to offer any plea allocution by any co-defendant against Defendant Trucchio.  As such, the Court denies the motion as moot to the extent that it seeks to preclude the admission of a co-defendant's plea allocution.

With respect to Gabriel's expert testimony on the structure and organization of the criminal enterprise, Defendant Trucchio argues that the source of Gabriel's information is other case agents, cooperating witnesses, and confidential informants.  As such, Defendant Trucchio cites Crawford v. Washington, 541 U.S. 36 (2004), and argues that allowing Gabriel's testimony would violate his Sixth Amendment Confrontation Rights, since Gabriel's testimony is based

upon hearsay statements of unavailable witnesses who Defendant Trucchio had no prior opportunity to cross-examine.

The Government responds that Gabriel will testify about the structure, nature, and membership of the Gambino Crime Family and that Gabriel's testimony is admissible based on U.S. v. Van Dorn, 925 F.2d 1331 (11th Cir. 1991).  In Van Dorn, the Eleventh Circuit affirmed the district court's decision to allow an expert to testify about the hierarchy of the Gambino Crime Family and to explain the role of each position in that hierarchy.  See id. at 1338-39.

Additionally, the Government argues that Defendant Trucchio's reliance on Crawford is misplaced.  In Crawford, the Supreme Court stated that where testimonial hearsay evidence is at issue, the Sixth Amendment requires that the declarant be unavailable and that the defendant had a prior opportunity to cross-examine the declarant.  Crawford, 541 U.S. at 68.  An example of testimonial hearsay is a statement "'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" U.S. v. Baker, 432 F.3d 1189, 1203 (2005)(quoting Crawford, 541 U.S. at 52)).

Crawford does not govern the admission of non-testimonial hearsay against criminal defendants.  See Baker, 432 F.3d at 1204.  Therefore, Crawford is inapplicable, since Gabriel's testimony in the instant case will not include testimonial hearsay.[5]  As such, the Court denies Defendant Trucchio's motion on this issue.

## III.  Conclusion

---

[5]The Government has submitted a transcript of Gabriel's testimony given in the Southern District of Florida case, and the Government states that it anticipates that Gabriel's testimony in the instant case will be substantially similar to the testimony given in the Southern District of Florida case.  (Doc. No. 375, Attachments 1A, 1B)

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant Trucchio's Motion to Dismiss the Indictment on Double Jeopardy

        Grounds (Doc. No. 334-1) is **DENIED**.

(2)     Defendant Trucchio's Motion in Limine to Preclude Evidence Pursuant to the

        Confrontation Clause (Doc. No. 334-2) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 26th  day of May, 2006.

                                        SUSAN C. BUCKLEW
                                        United States District Judge

Copies to: Counsel of Record