**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                           Case No.  8:04-cr-348-T-24 TGW

RONALD TRUCCHIO
STEVEN CATALANO
TERRY SCAGLIONE
KEVIN McMAHON

_____/

**AMENDED O R D E R**

I.  The trial of this case is scheduled to begin on October 16, 2006 at 9:00 a.m.  The government has estimated the length of trial to be six to eight weeks.  All counsel are expected to be present on October 16, 2006 at 9:00 a.m.  Joseph Corozzo or George Vila (counsel for Defendant Ronald Trucchio) is expected to be present on October 16, 2006 at 9:00 a.m. and on every trial day thereafter.  Failure to do so may result in their being held in contempt of court.

II.  **MOTIONS:**  All motions in limine shall be in writing and filed with the court by September 22, 2006.

III.  **JURY SELECTION:**

  A.  **Enlargement of challenges**:  The Court does not intend to grant any additional peremptory challenges.

  B.  **Alternate jurors**:  At least three alternate jurors will be selected.

  C.  **Conduct of voir dire examination**:  Counsel may file requested voir dire questions for the court.  Requested voir dire questions should be filed five days before the case is called for trial.  Counsel for the defendants will have ten minutes each to make an independent voir dire of the jury.  Counsel for the

    government will have a proportionate amount of time to voir dire the jury, should he wish.

  D. **Voir dire questions by the court**: The court has standard questions it asks each prospective juror. Those questions distributed to the jurors prior to voir dire will be furnished to counsel on the Monday the case is called to trial.

IV. **PRELIMINARY INSTRUCTIONS TO THE JURY:** In addition to the usual instructions given to the jury at the beginning of the trial, the court will give an instruction on the presumption of innocence and the burden of proof. The court also will give a preliminary instruction regarding note taking and will permit note taking by the jurors during the trial. After jury selection, the court will prepare a seating chart with the names of the defendants and their counsel, the names of the counsel for the government and any additional persons seated at counsel table to be submitted and distributed to the jury. The seating chart will designate a seat for each person who will be seated at counsel table. Counsel and all other persons will be expected to remain in those seats during the course of the trial. Jurors' numbers, not jurors' names, will be listed on the seating chart.

V. **JURY INSTRUCTIONS AND VERDICT FORM:** Five days prior to jury selection, counsel shall file any proposed jury instructions and verdict form. In addition, counsel shall email a copy of both in wordperfect format to chambers at chambers_flmd_bucklew@flmd.uscourts.gov.

VI. **LEAD COUNSEL**: Defense counsel should select one of their number to act as lead counsel for purpose of announcing challenges during jury selection and for other matters. In addition, defense counsel should designate the sequence in which they wish to be recognized at trial for purposes of opening statements, cross examination of witnesses and so forth. In the absence of an agreement, counsel will be recognized in the order in which the defendants are named in the indictment. Should counsel wish to

vary the sequence, this variation should be announced to the court prior to the testimony of the applicable witness.

VII. **JOINDER IN MOTIONS**:  Any objection, motion or application for relief made by any defense counsel orally or in writing shall be deemed to be adopted and joined in by every other defendant once the trial has begun.  Counsel do not need to announce that they are joining in an objection.  Rather, counsel should rise to be heard only for the purpose of expressly opting out of an objection or a motion.

VIII. **WITNESS AND EXHIBIT LISTS**: On the morning of jury selection, counsel shall submit a witness list with a copy for the judge, the clerk, the court reporter and opposing counsel.  In addition, at the close of trial each day, counsel will be expected to announce the witnesses they anticipate calling the next trial day.  All Jenks Act or Brady material pertaining to those witnesses should be delivered no later than the day before the witness is called if it has not been previously delivered. The court understands that counsel will not be absolutely bound by the list in calling witnesses since unexpected problems sometimes arise.  Parties should pre-mark all exhibits in advance of trial and prepare and distribute an exhibit list with a copy for the judge, the clerk, the court reporter and each opposing counsel using the standard form on the morning of jury selection.

IX. **EXCUSAL OF WITNESSES**:  All witnesses called to testify will be subject to the control of counsel who caused them to be served with a subpoena.  Accordingly, upon the completion of their testimony, it shall not be necessary to inquire of the court whether the witness may be excused.  Counsel may excuse the witness.  If other counsel wish to have any witness available for recall later, it will be the responsibility of that counsel to make the announcement at the time the witness steps down and the court will then direct the witness to remain.

X. **COURT SCHEDULE**: Jury selection in this matter is scheduled to begin October 16, 2006 at 9:00 a.m.  Trial is scheduled to commence immediately after selection of the

jury. The court will work Monday through Friday of each week from 9:30 a.m. until approximately 5:00 p.m. each day. The court will recess approximately one hour and fifteen minutes for lunch and 15 to 20 minutes in the morning and 15 to 20 minutes in the afternoon. November 10, 2006 and November 23, 2006 are federal holidays, and the Court will be closed. In addition, the Court will recess November 24, 2006. The trial will also be recessed on October 25, 26, and 27 due to the judge's need to attend a Judicial Conference Committee meeting. If counsel needs to temporarily absent himself from the court, counsel shall designate substitute stand in counsel and file with the court in writing a consent to the temporary absence. Any consent to a temporary absence filed with the court should be filed prior to the absence and should contain the consent to the temporary absence and temporary representation by both of the effected clients. Such absences should only occur rarely, if at all. If counsel has other court hearings, counsel should attempt to schedule those hearings early in the morning or on the days the court is not in session.

XI. **BENCH CONFERENCES**: Because of the number of lawyers involved, bench conferences are impractical. Counsel should state the legal basis for their objections without elaboration or argument and the court will rule on the objection without additional discussion except in the most doubtful areas. If counsel wishes to proffer to the court to protect the record, counsel should do so after the jury has been excused for lunch or for the day.

**DONE and ORDERED** at Tampa, Florida this 27th day of September, 2006.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record