UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                        Case No.  8:04-cr-348-T-24 TGW

RONALD J. TRUCCHIO

_____/

## ORDER

This cause comes before the Court on Defendant Trucchio's Emergency Motion to Reconsider Amended Order Dated September 27, 2006 For Defendant To Be Represented By Counsel of Choice.  (Doc. No. 500).  Specifically, Defendant Trucchio moves the Court to reconsider the portion of its September 27, 2006 order in which it states that the trial in this case will begin on October 16, 2006.  A brief background of the pretrial events in this case is appropriate based on some of the representations in Defendant Trucchio's motion.

## BACKGROUND

Defendant Trucchio is charged along with six co-defendants in a multi-count racketeering conspiracy indictment.  (Doc. No. 231).  The indictment was filed on August 17, 2004; however, Defendant Trucchio was not arrested until October 6, 2005.

On October 21, 2005, Joseph Corozzo filed a motion for special admission to practice and designation of George Vila as local counsel.  (Doc. No. 281).  On October 28, 2005, the Court granted the motion, allowing Joseph Corozzo, whose office is in New York City, New York, to appear specially on behalf of Defendant Trucchio, based in part on the written designation of George Vila, who certified that he was a member of the Bar of the Middle District of Florida and consented to the designation as local counsel.  (Doc. No. 287).  In consenting to be local counsel, George Vila consented to "be responsible for the progress of the case, including the trial in default of the non-resident attorney."  Local Rule 2.02(a).

On March 3, 2006, the case was set for a time certain trial–October 2, 2006. (Doc. No. 399). The case was set for a definite time because of the number of defendants, the length of the trial and the number of witnesses who were anticipated to testify on behalf of the Government. The Government estimated the length of its case-in-chief at six to eight weeks.

On September 26, 2006, six days prior to the start of trial, the Court held the final status conference and required that all counsel be present. (Doc. No. 485). Four defendants remained set for trial. George Vila appeared at the status conference on behalf of Defendant Trucchio. (Doc. No. 485). At the status conference, Mr. Vila advised the Court that Joseph Corozzo was in trial before Judge Kimba Wood in the Southern District of New York and that he expected the trial to last another two weeks. (Doc. No. 485). The Court had not been informed that Mr. Corozzo would not be prepared to proceed to trial on October 2, 2006 until the morning of the September 26, 2006 status conference. Neither Mr. Vila nor Mr. Corozzo had filed a motion to continue based on unavailability.

At the status conference, George Vila informed the Court that he would not be prepared to proceed to trial on October 2, 2006. At the status conference, the Court informed all counsel that the trial would not begin on October 2, 2006, but the trial would begin later in October at a time to be set after the Court had spoken with Judge Kimba Wood and Joseph Corozzo. (Doc. No. 485).

The following morning, September 27, 2006, the Court spoke by telephone with Joseph Corozzo and George Vila and informed them that the trial in this case would be continued for two weeks and would begin on October 16, 2006. The Court further informed Mr. Vila that if Mr. Corozzo had not concluded his trial in the Southern District of New York by that date, Mr. Vila would be expected as local counsel to try the case on behalf of Defendant Trucchio until such time as Mr. Corozzo was available.

**DISCUSSION**

Defendant Trucchio cites United States v. Koblitz, 803 F.2d 1523 (11th Cir 1986), in support of his argument that the Court must continue the trial in this case. The Court rejects this argument, because the facts of Koblitz are clearly distinguishable from those in this case.

In Koblitz, the district court held defense counsel in contempt for failing to appear at trial or obtain substitute counsel for their clients. See id. at 1526. The issue before the appellate court was whether the district court had the discretion to order defense counsel to obtain substitute counsel for their clients. See id. at 1527. In the instant case, it is not necessary for Defendant Trucchio to obtain substitute counsel, since he has retained counsel, George Vila, who has represented him since the inception of this case and who is available to proceed to trial on October 16, 2006.

This Court notes:

> [T]he Constitution requires that a criminal defendant have a fair or reasonable opportunity to obtain particular counsel, and [suffer from] no arbitrary action prohibiting the effective use of such counsel. The right to counsel of choice is not absolute. It must be balanced against the government's interest in the fair, orderly, and effective administration of the courts which, in a given case, may require an accused to resort to his second choice of counsel. In giving effect to this governmental interest, however, a trial judge must be mindful that acting in the name of calendar control, [he] cannot arbitrarily and unreasonably interfere with a client's right to be represented by the attorney [the client] has selected.

Id. at 1528 (internal quotations and citations omitted). Furthermore:

> [T]he proper exercise of the trial court's discretion . . . requires a delicate balance between the defendant's right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice. Indeed, in light of the myriad scheduling burdens that a court faces in assembling the witnesses, lawyers, and jurors at the same place at the same time, the Supreme Court has counseled that broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel.

United States v. Zangwill, 2006 WL 2805644, at *3 (11th Cir. Oct. 2, 2006)(internal quotations and citations omitted). Therefore, in determining whether a denial of a continuance impinges upon a defendant's fair and reasonable opportunity to choose counsel, a court should consider the following factors: "'(1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors.'" Id. (quoting U.S. v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005)).

Upon consideration of these factors, the Court finds that a further continuance is not warranted. With regards to the length of the requested delay, the trial was set to begin October 2, 2006, and Mr. Corozzo and Mr. Vila now request that the trial be moved to "early November" so that Mr. Corozzo can complete the case in which he is currently representing a client in the Southern District of New York. However, there is no assurance that Mr. Corozzo's current trial will in fact be completed by "early November," since that trial was supposed to be completed in September and that did not occur. Furthermore, if the Court delayed the start of the trial until November, the trial would likely continue through the December holiday season (since the Government estimates that its case-in-chief will last six to eight weeks), and it would be nearly impossible to find jurors that did not have out-of-town holiday plans that were willing and able to serve on a six to eight week jury trial.

Furthermore, with regards to whether Mr. Corozzo has associates prepared to try the case, the Court notes that George Vila is not new to this case, nor is he court appointed. He has been local counsel since October 21, 2005. Mr. Vila is presumed to be familiar with Local Rule

2.02(a) pertaining to special admission of a non-resident attorney, which requires him to be responsible for the trial in default of the non-resident attorney–Joseph Corozzo. Both Mr. Vila and Mr. Corozzo knew or should have known that Joseph Corozzo would be unable to try the case beginning on October 2, 2006 weeks in advance of the status conference on September 26, 2006 when the Court was finally advised.

Additionally, with regards to the inconvenience to all involved in the trial, this case was set for trial for a time certain seven months in advance of the scheduled trial date. Four defendants currently remain set for trial. The Government has numerous witnesses who have been scheduled to testify based on the scheduled trial date. In addition, security concerns have caused special arrangements to be made for certain witnesses. One hundred additional jurors were specially summoned based on the scheduled trial date. Other counsel, as well as the Court, have adjusted their schedules based on the scheduled trial date. Thus, there will be great inconvenience if the Court continues the trial until Mr. Corozzo is available, especially given the fact that it is impossible to determine exactly when he will be available.

The Court also notes that Mr. Corozzo and Mr. Vila delayed in informing the Court about Mr. Corozzo's scheduling conflict. At no time before the September 26, 2006 status conference did they inform the Court of the potential or actual conflict. However, counsel had an ethical obligation to advise both the judge in the Middle District of Florida and the judge in the Southern District of New York of the scheduling predicament, but they chose not to do so. See

Koblitz, 802 F.2d at 1530. In fact, the instant motion is Mr. Corozzo and Mr. Vila's first filed motion for a continuance, and this motion was not filed until October 4, 2006.[1]

This Court has delayed the beginning of this trial for two weeks from the original October 2, 2006 start date in order to accommodate counsel for Defendant Trucchio and give Mr. Vila additional time to prepare. The Court has a responsibility to balance the needs of all the parties, including the Government and the other defendants, and the right of those parties to be able to rely on the certainty of a trial date set seven months in advance. As such, Defendant Trucchio's motion is denied.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Defendant Trucchio's Emergency Motion to Reconsider Amended Order Dated September 27, 2006 For Defendant To Be Represented By Counsel of Choice (Doc. No. 500) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of October, 2006.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] This motion was originally filed on October 3, 2006, but it was stricken because it was unsigned.