UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                              Case No. 8:04-cr-348-T-24 TGW

RONALD J. TRUCCHIO

_____/

**ORDER**

This cause comes before the Court on Defendant Trucchio's Motion for Leave to File Motion for Reconsideration (Doc. No. S-31) and Motion for Reconsideration of Motion for Evidentiary Hearing and Jury Polling Following Verdict (Doc. No. 665). The Government opposes the motions. (Doc. No. 669).

**I. Background**

On November 29, 2006, a jury found Defendant Trucchio and his co-defendants guilty of conspiracy to conduct or participate in the conduct of an enterprise either through a pattern of racketeering activity or through the collection of an unlawful debt. (Doc. No. 621). The jury also found that Defendant Trucchio and one or more of the members of the crew knowingly and intentionally distributed and possessed with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine during the conspiracy charged in count one of the Superseding Indictment, and that Defendant Trucchio and one or more of the members of the criminal crew knowingly and intentionally conspired to distribute and to possess with the intent to distribute five kilograms or more of cocaine during the conspiracy charged in count one of the Superseding Indictment. (Doc. No. 621).

On December 5, 2006, Defendant Trucchio filed a motion alleging the following: On November 30, 2006, the day after the jury verdict, Juror Young-Stewart telephoned Defendant Trucchio's lawyer, Joseph Corozzo, and told him that she intended to write a letter to the judge describing the coercion she had felt during the deliberations and other incidents during the trial process that she believed needed to be brought to the Court's attention.  The next day, December 1, 2006, the Court received a letter from Juror Young-Stewart, a copy of which had been forwarded to Defendant Trucchio's counsel, Joseph Corozzo.

In that letter, Juror Young-Stewart stated that she was coerced to change her not-guilty vote to guilty as to Defendant Trucchio.  She further stated that "[F]rom the beginning there were those [jurors] whose opinions, perceptions, or memory was not only formed by court evidence but also by previous knowledge revealed in the jury room such as, having read <u>Cigar City Mafia</u> or experience as a drug dealer at a young age with a family member who had become an addict."  (Doc. No. 630-4).  Based on this letter, Defendant Trucchio moved the Court to conduct an evidentiary hearing and question the jury regarding improper discussions as to "extraneous information or outside influence."

Following the Court's receipt of Juror Young-Stewart's letter, the Court began receiving telephone calls from other jurors who reported having been contacted by investigators who were asking questions regarding the jury deliberations.  On December 7, 2006, the Court held a hearing in which Defendant Trucchio was ordered not to directly or indirectly (through investigators) contact jurors.  At the hearing, one of the two investigators that had been attempting to contact jurors, Thomas Allen, appeared and stated that Defendant Trucchio's brother-in-law had hired him.  At the same hearing, the Government informed the Court that the

other investigator that had contacted jurors, Vincent Parco, had previously visited Defendant Trucchio in jail during the time he had been held for trial. The Court made no findings regarding who hired the investigators or instructed them to contact the jurors. Specifically, the Court made no findings as to whether or not Defendant Trucchio or his counsel, Joseph Corozzo, were directly or indirectly involved.

On January 5, 2007, the Court denied Defendant Trucchio's motion for an evidentiary hearing, finding that Defendant Trucchio had failed to make a colorable showing of juror misconduct or of an extrinsic influence on the jury that requires the Court to further investigate. (Doc. No. 652). Defendant Trucchio now moves the Court to reconsider its denial of the motion to conduct an evidentiary hearing. Defendant Trucchio attaches to his motion what purports to be a transcript of a taped interview of Juror Young-Stewart that was conducted by a private investigator, and he also attaches a hand-written statement by Juror Young-Stewart. The taped interview contains no new information or allegations. However, in the hand-written statement, Juror Young-Stewart suggests that one of the jurors read from a piece of paper during the last day of deliberations regarding John Alite (a co-Defendant that was not tried during Defendant Trucchio's trial). For the reasons stated below, Defendant Trucchio's motions to reconsider are denied.

**II. Discussion**

Defendant Trucchio moves for an evidentiary hearing based on Juror Young-Stewart's allegations that: (1) a juror had read the book, Cigar City Mafia; (2) another juror was a former drug dealer; and (3) one of the jurors read from a piece of paper regarding John Alite during the last day of deliberations. To the extent that Defendant Trucchio bases his motion on the book,

3

Cigar City Mafia, and a juror being a former drug dealer, the Court has already addressed these allegations and found that these allegations do not constitute a colorable showing of juror misconduct or of an extrinsic influence on the jury that requires the Court to further investigate. The Court finds no reason to readdress the same arguments.

With regards to the new allegation regarding a juror reading a piece of paper about John Alite, Defendant Trucchio submits a hand-written statement dated December 4, 2006 from Juror Young-Stewart that states that another juror "broug[ht] in a piece of paper that had current info regard[ing] John Alite which he read from on Wednesday, the last day of deliberation [sic]. The piece of paper may have been a computer printout which was not evidence." (Doc. No. 664). This statement was not made under oath, and the allegation regarding information about John Alite being read in the jury room was not previously raised in Juror Young-Stewart's letter to the Court or in her taped conversation with the private investigators.[1]

The Court rejects Defendant Trucchio's argument that this new allegation is sufficient to require an evidentiary hearing or that all of the allegations taken together require an evidentiary hearing. The Court's "duty to investigate arises only when the party alleging misconduct makes an adequate showing of extrinsic influence to overcome the presumption of jury impartiality." U.S. v. Barshov, 733 F.2d 842, 851 (11th Cir. 1984)(citation omitted). Thus, "[t]o justify a post-trial hearing involving the trial's jurors, the defendant must do more than speculate; he must show clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred." U.S. v. Cuthel, 903 F.2d 1381, 1383 (11th Cir. 1990)(quotations and

---

[1] A transcript of her conversation with the investigators is filed under seal.

citations omitted).  "In other words, there must be something more than mere speculation." Barshov, 733 F.2d at 851 (citation omitted).

Furthermore, when considering whether allegations merit investigation, the Court must be mindful of Federal Rule of Evidence 606(b).  Rule 606(b) generally prohibits the admission of juror testimony to impeach a verdict, but it contains three exceptions, including one for situations where extraneous prejudicial information is improperly brought to the jury's attention. By prohibiting the admission of juror testimony to impeach a verdict, Rule 606(b) "prevent[s] the harassment of jurors, support[s] the finality of verdicts, and preserve[s] the community's trust in a system that relies on the decisions of lay people."  U.S. v. Sjeklocha, 843 F.2d 485, 488 (11th Cir. 1988)(citations omitted).

In the instant case, the allegation regarding a juror reading a piece of paper about John Alite is not sufficient to cause the Court to question the jury.  The allegation by Juror Young-Stewart is vague and indicates that the paper that was read from *may* have been a computer printout which was not evidence.  The Court will not speculate as to what was allegedly contained on the piece of paper and what the paper was.  This new allegation is not clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred.  As such, the Court finds that Defendant Trucchio has failed to make a colorable showing of juror misconduct or of an extrinsic influence on the jury that requires the Court to further investigate.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Trucchio's Motion for Leave to File Motion for Reconsideration (Doc. S-31) and Motion for Reconsideration of Motion for Evidentiary Hearing and Jury Polling Following Verdict (Doc. No. 665) are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of February, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record